## Jacoby's Estate.

*Practice, orphans' court—Jurisdiction.*

The orphans' court has no jurisdiction to entertain a petition, the purpose of which is merely to secure an advisory opinion as to the distribution of an estate passing under a will.

Where an exception is filed to an executor's account in order to raise the question whether income is payable from date of testator's death, or from the date of the decree of distribution, transferring the estate to a trustee, but the exception is withdrawn, and a petition is presented by the exceptant for an order on the trustee to pay over income, a decree in accordance with the petition will be reversed, but with leave to reinstate the exception.

Argued Nov. 7, 1901. Appeal, No. 145, Oct. T., 1901, by Safe Deposit and Trust Company, from decree of O. C. Allegheny Co., Oct. T., 1901, No. 60, on petition for an order on a trustee in the Estate of George T. Jacoby. Before McCollum, C. J., Mitchell, Dean, Fell, Brown and Mestrezat, JJ. Reversed.

Petition for an order on a trustee to pay over money.

From the record it appeared that Mary Downs had filed an exception to the account of the executors of George T. Jacoby in order to raise the question whether income was payable from the date of the death of testator, or from date of decree of distribution transferring the estate to a trustee. At the suggestion of the court the exception was withdrawn, and Mrs. Downs filed a petition for an order on the trustees directing payment of income from date of testator's death. The court entered a decree in accordance with the prayer of the petition.

*Error assigned* was the decree of the court.

*J. McF. Carpenter*, for appellant.

*S. S. Mehard* and *Q. A. Gordon*, with them *C. H. McKee*, for appellee.

Opinion by Mr. Justice Mitchell, January 6, 1902:
This case presents the same erroneous practice as Morton's

Estate, ante, p. 269, and the decree must be reversed for the reasons there given.

It appears however that in this case the executors had filed an account, and an exception to it by Mrs. Downs raised the precise question now involved in this appeal, but on suggestion by the court the exception was withdrawn and a petition presented by Mrs. Downs for an order on the trustee to pay certain income to her.   On this petition the decree now appealed from was made.   The proper practice would have been to decide the question on the exception to the account.   In the present form there was no case before the court.   The decree therefore is reversed and the petition directed to be dismissed, but with leave to reinstate the exceptions and for further proceedings as indicated in this opinion.