## Moore's Estate

*Harold F. Mook*, for petitioners.

*Monroe Echols*, for Erie Trust Company, respondent.

*Samuel Y. Rossiter*, for Thora Foote, respondent.

WAITE, P. J., April 25, 1932.—This is a petition presented December 29, 1930, under the Act of June 18, 1923, P. L. 840, known as the Uniform Declaratory Judgments Act. The petition was presented by Lillian Carroll and Edna F. Moore, executrices of the estate. On June 18, 1931, J. Boyd Crumrine, President Judge of the Orphans' Court of the Twenty-seventh Judicial District, having been specially assigned to hear the case, the court assumed jurisdiction of the subject matter as prayed for and fixed a time for a hearing thereon.

The petition shows that Lillian Norwood Moore died testate November 22, 1909, and sets forth that petitioners have filed eight separate accounts in the estate, the last having been filed to No. 106, November Term, 1930. Paragraph eight of the petition is as follows:

"Since the death of Frank Foote it is uncertain to whom the share or income he has been receiving should go and whether or not any distribution of principal should be made as a result of his death, and to whom. As a result of this situation there exist the ripening seeds of a controversy between the parties who may be entitled to the said income and/or principal."

The petition concludes with the prayer:

"That a judgment be rendered pursuant to the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, construing the said last will and testament and making disposition of the income and/or principal which heretofore has been distributed to Frank Foote."

Nothing further was done in the matter until this court fixed March 21, 1932, as a time for the hearing. Testimony was taken and the matter argued before the court on April 11, 1932. After hearing and argument of counsel, we are of the opinion that the orphans' court has no jurisdiction of the matter as the Fiduciaries Act of June 7, 1917, P. L. 447, provides a full and complete remedy. In Sterrett's Estate, 300 Pa. 116, 124, Mr. Chief Justice Moschzisker, in delivering the opinion of the court, said:

"Moreover, from the Kariher case down to our latest utterances on the subject of declaratory judgments, in Taylor *v.* Haverford Twp., 299 Pa. 402, this court has uniformly ruled that relief may not be granted under the Act of June 18, 1923, P. L. 840, where another established remedy is available. So far as present distribution of the income is concerned, all questions relating to it can be decided on the adjudication of the trustee's account. . . .

"As recently said by us in Taylor *v.* Haverford Twp., supra, 'we are determined that the Declaratory Judgments Act, an excellent piece of legislation when kept within proper bounds, shall not be used in cases to which it is not properly applicable,' and this is one of them."

"A declaratory judgment cannot properly be given where another established remedy is available for prompt relief:" Cryan's Estate, 301 Pa. 386.

See, also, Follweiler's Estate, 6 D. & C. 757, and Stoey's Estate, 34 Dauph. Co. Reps. 63.

It is the duty of counsel to advise; of courts to decide. The Uniform Declaratory Judgments Act does not confer on the orphans' court jurisdiction to advise fiduciaries in the discharge of their duties. See Duff's Estate, 4 D. & C. 315.

The orphans' court has discretionary power to direct the filing of an account by a trustee (section nine (b) of the Orphans' Court Act of 1917, P. L. 363). The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, is not intended for and should not be invoked in cases where the judgment sought can be had as expeditiously in the ordinary course of legal proceedings: Myers's Estate, 10 D. & C. 291.

"Many procedural difficulties that confront fiduciaries in other jurisdictions as to the rights of creditors, legatees, next of kin, etc., and especially arise in the construction of wills, do not occur with us, for such questions can readily be solved under our own well established practice of having the fiduciary file an account, at the audit of which a speedy settlement may be had by an adjudication, as was pointed out in Morton's Estate, 201 Pa. 269; Jacoby's Estate, 201 Pa. 442, and other cases:" Opinion of Gest, J., in Duff's Estate, 4 D. & C. 315, 317.

Upon the authorities cited above, it follows that the relief asked for by declaratory judgment cannot be granted in the case at bar. There is another well-established remedy available. If this court should undertake to grant the relief here prayed for and any interested party should appeal therefrom, the Supreme Court would, no doubt, hold this court to be without jurisdiction. That would entail additional cost and expense upon all parties and cause unnecessary delay. All of the questions raised by the petition can be fully and promptly disposed of in an audit of the executors' next account, which may be filed at any time. The orphans' court is the proper tribunal and the audit of accounts the recognized proceeding for the interpretation of wills and distribution of the assets of estates, both principal and income. We are, therefore, of opinion that jurisdiction under this petition should not have been assumed by the court and should not now be retained.

Now, to wit, April 25, 1932, after hearing and argument, and upon due consideration, it is ordered, adjudged and decreed that the petition be dismissed, at the costs of the estate.

From Otto Herbst, Erie, Pa.